1  SEYFARTH SHAW LLP
   Diana Tabacopoulos (SBN 128238)
2  E-mail: dtabacopoulos@seyfarth.com
   Jill Porcaro (SBN 190412)
3  E-mail: jporcaro@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California  90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  SEYFARTH SHAW LLP
   Candace S. Bertoldi (SBN. 254725)
7  E-mail: cbertoldi@seyfarth.com
   333 South Hope Street, Suite 3900
8  Los Angeles, California 90071-1406
   Telephone: (213) 270-9600
9  Facsimile:  (213) 270-9601

10 Attorneys for Defendant
   WALGREEN CO.

11

12              UNITED STATES DISTRICT COURT

13             EASTERN DISTRICT OF CALIFORNIA

14 RENE HODACH, an individual, on behalf of       ) Case No. _____
   herself and on behalf of all persons similarly  )
15 situated,                                        ) **DEFENDANT WALGREEN CO.'S NOTICE**
                                                    ) **OF REMOVAL**
16              Plaintiff,                           )
                                                    ) **[CLASS ACTION FAIRNESS ACT OF 2005,**
17       v.                                          ) **28 U.S.C. § 1332(D)(2) AND 1441]**
                                                    )
18 WALGREEN CO., a Illinois Corporation, and        ) [Sacramento Superior Court Case No. CGC-11-
   DOES 1 through 50, inclusive,                    ) 510950]
19                                                   )
                Defendants.                          ) *[Filed concurrently with Certificate of Interested*
20                                                   ) *Parties, Civil Cover Sheet and Disclosure*
                                                    ) *Statement Pursuant to Fed. R. Civ. Proc. 7.1]*
21                                                   )
                                                    ) Complaint Filed:   May 9, 2012
22                                                   )
                                                    )
23 _____ )

24       TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

25 CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

26       PLEASE TAKE NOTICE that Defendant Walgreen Co. ("Walgreens" or "Defendant") hereby

27 removes the above-referenced action from the Superior Court of the State of California for the County of

28

14568328v.1

Sacramento, to the United States District Court for the Eastern District of California, asserting original jurisdiction under 28 U.S.C. §§ 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), and removal jurisdiction under 28 U.S.C. §§ 1441(a) and 1446, and states that removal is proper for the following reasons.

## I.   BACKGROUND

1.      Plaintiff Rene Hodach ("Plaintiff") filed this action against Walgreens on May 9, 2012 in the Superior Court for the County of Sacramento, case entitled: *Rene Hodach, an individual on behalf of herself and on behalf of all persons similarly situated, plaintiff v. Walgreen Co., et al,* Case No. 34-2012-00123954 (the "Complaint").  A true and correct copy of the Summons and Complaint, Civil Cover Sheet, Letter from Plaintiff's counsel to the Labor Workforce Development Agency and Notice of Service of Process in this action are attached hereto as Exhibit A.

2.      In her Complaint, Plaintiff purports to bring claims on behalf of herself and a putative class of all Walgreens non-exempt current and former employees in California beginning four (4) years prior to the filing of the Complaint, through the present, and continuing.  Exh. A, Complaint ¶ 4.

3.      Plaintiff asserts putative class claims for alleged Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 (First Cause of Action), failure to pay regular and overtime wages in violation of California Labor Code §§ 510 *et al.* (Section Cause of Action), failure to provide accurate itemized wage statements in violation of Cal. Labor Code § 226 (Third Cause of Action), and failure to provide wages when due in violation of Cal. Labor Code §§ 201-204 (Fourth Cause of Action).

4.      On June 8, 2012, Plaintiffs served the Summons and Complaint on Defendant's agent.  A true and correct copy of the Summons and Complaint and Notice of Service of Process dated May 16, 2011 is attached hereto as Exhibit "A."

5.      Exhibit A constitutes all pleadings, process and orders served on or by Walgreens in this action.

2

14568328v.1

## II.   CLASS ACTION FAIRNESS ACT ("CAFA")

### A.   Putative California Class

6.   This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2). As set forth below, this action is properly removable, pursuant to 28 U.S.C. § 1441(a), in that the district court has original jurisdiction over the action, because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of Walgreens. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of California putative class members is greater than 100. See Declaration of June Rosenberg ("Rosenberg Dec.") ¶ 2A, attached hereto as Exh. B; 28 U.S.C. § 1332(d)(5)(B). Further, based on information and belief, Plaintiff and a number of the putative California members are citizens of California.

### B.   Citizenship of the Parties

7.   <u>Plaintiff's Citizenship</u>. Plaintiff Rene Hodach is a resident of California. Complaint ¶ 18. Based on information and belief Plaintiffs are citizens of California. Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

8.   <u>Walgreens' Citizenship</u>. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Walgreens is now, and ever since this action commenced has been, incorporated under the laws of the State of Illinois, with its principal place of business in Illinois. See Exh. C, John Mann Declaration ("Mann Dec.") ¶ 2. Walgreens' principal place of business is Deerfield, Illinois under the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Because Deerfield, Illinois is the site of Walgreens' corporate headquarters and executive offices, where Walgreens' high level officers direct, control, and coordinate the Company's activities, Walgreens' "nerve center" is in Illinois. Exh. C, Mann Dec. ¶ 3. Accordingly, Walgreens is, and has been at all times since this action commenced, a citizen of the State of Illinois. As a result, Walgreens is <u>not</u> now, and was <u>not</u> at the time of the filing of the Complaint, a citizen of the state of California for removal purposes.

14568328v.1

9.     Doe Defendants.  Pursuant to 28 U.S.C. §1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through one hundred, does not deprive this Court of jurisdiction.

**C.     Amount in Controversy Exceeds $5,000,000.**

10.    The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, even when considering the state law claims only.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. REP. 109-14, at 49.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  S. REP. 109-14, at 49("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

11.    Although Plaintiff has not alleged the amount of her individual damages, or alleged the damages of the putative class in their Complaint, it is clear that the alleged amount in controversy in this putative class action exceeds, in the aggregate, $5,000,000.  The Complaint alleges a California putative class of Walgreens' California non-exempt current and former employees at 270 retail stores throughout California during the four-year period preceding the filing of the Complaint, from May 9, 2008, through and including the present, and continuing (hereinafter referred to as the "California Class").  See Exh. A, Complaint ¶¶ 1, 4, 8, 19.  Plaintiff alleges her First cause of action on behalf of the California Class.

4

1  Plaintiff also seek to represent a proposed sub-class of former non-exempt employees employed by

2  Walgreens in California during the period May 9, 2009 through the present, and continuing (hereinafter

3  referred to as the "California Sub-Class"). Complaint ¶ 30.  Plaintiff asserts her Second, Third and

4  Fourth causes of action in the Complaint on behalf of the California Sub-Class.  See Exh. A, Complaint

5  ¶¶ 30-39.

6        12.     During the period of May 9, 2008 through May 31, 2012, Walgreens employed well in

7  excess of 19,000 persons in its stores in California that fit the description of the proposed California

8  Class in Plaintiff's Complaint.  Exh. A, Complaint ¶¶ 19; Exh. B, Rosenberg Dec. ¶ 2(A).  These

9  employees worked well in excess of 1,000,000 workweeks (in the aggregate) during the period of May

10  9, 2008 through May 31, 2012.  Exh. B, Rosenberg Dec. ¶ 2(B).

11        13.     The lowest hourly rate of pay that Walgreens paid to any member of the proposed

12  California Class and the California Sub-Class during the putative class periods was $8.00 per hour.  Exh.

13  B, Rosenberg Dec. ¶ 4.  Notwithstanding, the vast majority of Walgreens' employees who fit the

14  description of the proposed California Class and the California Subclass were paid a much higher hourly

15  rate of pay during the putative class periods.  Exh. B, Rosenberg Dec. ¶ 4.

16        14.     Walgreens denies that Plaintiff or the putative classes are entitled to anything by the

17  Complaint, as Plaintiff's claims rest on faulty assumptions and erroneous legal conclusions.

18  Nevertheless, the amount in controversy is dictated by Plaintiff's claims in the Complaint, not the

19  merits.  Plaintiff alleges multiple sources of state law potential remedies and penalties in the Complaint:

20  (1) allegedly unpaid wages and overtime wages; (2) waiting time penalties; and (3) wage statement

21  penalties.  Exh. A, Complaint ¶ 5-8, 12-14, 22, 31, 35, 52, 56, 57, 62, 66, 69, 70, 77, 78, Prayer ¶¶ 1(C),

22  2(B), 2(C), 2(D), 3(C).  In addition, Plaintiffs seek compensatory damages, declaratory relief, restitution,

23  injunctive relief, interest, and costs of suit. Exh. A, Complaint ¶¶ 7, 8, 48, 49, 50, Prayer ¶¶1(B), 1(D),

24  3(A)

25        15.     As is set forth below, based on the number of putative class members in the proposed

26  California Class (and the California Sub-Class), the number of workweeks and pay periods worked by

27  the putative class members of the proposed California Class (and California Sub-Class) during the

28

5

14568328v.1

1   respective putative class periods, the number of separated putative class members of the California Sub-

2   Class and Plaintiff's claims in the Complaint, the amount in controversy for unpaid wages, deficient

3   wage statements, and waiting time penalties as alleged in the Complaint, exceeds $5,000,000.  As

4   Plaintiff has not alleged their particular damages, reasonable estimates of the alleged amount in

5   controversy are appropriate.  See *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 688-90 (9th Cir.

6   2006) (the preponderance of evidence standard applies where a plaintiff "seeks no specific amount in

7   damages," and a court will consider facts in the removal petition to determine whether the jurisdictional

8   requirements are met).

9       **D.    Labor Code §226(e)**

10      16.    The Complaint alleges that Walgreens failed to provide the putative class members who

11  fit the definition of the proposed California Sub-Class with accurate itemized wage statements, in

12  violation of California Labor Code § 226(a).  Exh. A, Complaint ¶¶ 4, 14, 69, 70.  Plaintiff alleges that

13  under Labor Code § 226(e) she and the putative class members may recover penalties in the amount of

14  $50 for the initial pay period in which the violation occurred, and $100 for each violation in a

15  subsequent pay period pursuant to Labor Code §226, according to proof, up to $4,000.00.  Exh. A,

16  Complaint ¶¶ 70.  The statute of limitations for recovery of penalties under Cal. Labor Code § 226 is one

17  year.  Cal. Civ. Proc. Code § 340(a).

18      17.    Walgreens employed in excess of 10,000 persons that fit the definition of the California

19  Sub-Class for at least one pay period during the period of May 9, 2011 through May 31, 2012.  Exh. B,

20  Rosenberg Dec. ¶ 2(C).  These employees worked in excess of 200,000 pay periods (pay periods are

21  every other week) during the period of May 9, 2011, through May 31, 2012 (the putative class period

22  applicable to Plaintiff's claims for penalties for deficient wage statements under Cal. Labor Code §226,

23  through May 31, 2012).  See Exh. B, Rosenberg Dec. ¶¶ 2(C), 3.

24      18.    Based on Cal. Labor Code § 226(e) (which provides that damages are the greater of all

25  actual damages or $50 for the first violation and $100 for every violation thereafter, per employee, up to

26  $4,000) and Plaintiffs' allegation, the money allegedly owed (assuming 10,000 putative class members)

27  would equal (10,000 [employees] x $50 [first pay period]) = $500,000 + (200,000 [pay periods] -10,000

28

6

14568328v.1

1   [employees] = 190,000 [remaining pay periods worked during the period of May 9, 2011, through May

2   31, 2012] x $100 = $19,000,000) =  $19,500,000.

3         19.     Notwithstanding, Courts have assumed a 100% violation rate in calculating the amount in

4   controversy for removal purposes when the complaint does not allege a more precise calculation. *See,*

5   *e.g., Coleman v. Estes Express Lines, Inc.*, 2010 U.S. Dist. LEXIS 79772 at *18-19 (C.D. Cal. 2010)

6   ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true,

7   Defendants could properly calculate the amount in controversy based on a 100% violation rate); *Muniz*

8   *v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515 at *11-13 (E.D. Cal. 2007) (concluding that

9   plaintiff was the "master of [her] claims, and if she wanted to avoid removal, she could have alleged

10  facts specific to her claims which would narrow the scope of the putative class or the damages sought").

11  *Id.* at 13.

12        20.     Assuming the maximum recoverable penalties in the amount of $4,000 per employee

13  under Labor Code § 226, then the money allegedly owed would be $40,000,000 ($4,000 x 10,000

14  employees within the definition of the proposed California Sub-Class) employed from May 9, 2011

15  through May 31, 2012).   Thus, based on this claim alone, it is more likely than not that the amount in

16  controversy exceeds $5,000,000.

17       **E.**     **Labor Code §203 (Waiting Time Penalties)**

18        21.     In addition, Plaintiff seeks waiting-time penalties under California Labor Code § 203 for

19  each separated employee within the definition of the proposed California Sub-Class of up to 30 days'

20  pay for failure to pay all wages due at termination.  Exh. A, Complaint ¶¶ 4, 25, 27.  Plaintiff alleges that

21  Walgreens did not pay Plaintiff or employees within the definition of the proposed California Sub-Class

22  wages due for work they performed off the clock as a result of submitting to "bag checks."  Exh. A,

23  Complaint ¶¶ 13, 25.  Therefore, per the allegations in the Complaint, Plaintiff seeks 30 days' wages for

24  each person within the definition of the proposed California Sub-Class whose employment was

25  separated prior to the filing of the Complaint.  Exh. A, Complaint ¶¶ 77, 78.

26        22.     There is a three-year statute of limitations for claims seeking waiting time penalties for

27  unpaid wages under Cal. Labor Code §203.  See Cal. Lab. Code §203 and Cal. Code Civ. Proc. § 338.

28

WALGREEN CO.'S NOTICE OF REMOVAL
Case No. _____

14568328v.1

23.     From May 9, 2009 through May 31, 2012 (the putative class period applicable to Plaintiff's claims for waiting time penalties under Cal. Labor Code §§ 201-203), there are well in excess of 5,000 employees who fit the definition of the proposed California Sub-Class who separated their employment with Walgreens.  Exh. B, Rosenberg Dec., ¶ 2(D).  The minimum hourly rate of pay Walgreens paid to any employee within the definition of the proposed California Sub-Class is $8.00.  Exh. B, Rosenberg Dec. ¶ 4.  Thus, even assuming all 5,000 separated employees within the definition of the proposed California Sub-Class were paid the minimum hourly rate of pay of $8.00 at the time of termination, the penalties sought under section 203 would be $9,600,000 (based on a calculation of an average hourly rate [$8.00] x 8 hours per day x 30 [days of wages] x 5,000 (# of separated employees).

24.     Plaintiffs further seek additional damages for alleged failure to pay wages, including overtime, plus an undisclosed amount for interest and costs.

**F.      Unpaid Wages and Overtime**

25.     Plaintiff alleges that "[d]uring the California Class Period, Walgreens has engaged in a uniform and systematic practice of requiring PLAINTIFF and the CALIFORNIA CLASS Members to routinely perform work off the clock after clocking out in that WALGREEN, as a condition of employment, required these employees to wait for and submit to loss prevention inspections or 'bag checks' after clocking out at the end of each scheduled shift" and that "[t]his process added 10 minutes or more of unpaid work in a day per employee."   See Exh. A, Complaint ¶¶ 5, 6.

26.     During the putative class period for the California Class (from May 9, 2008 through the present, and continuing), Walgreens employed well in excess of 19,000 non-exempt employees in its California stores that fit the definition of the proposed California Class.  Exh. B, Rosenberg Dec. ¶ 2(A).  These employees worked well in excess of 1,000,000 workweeks per year during the period of May 9, 2008 through May 31, 2012.  Exh. B, Rosenberg Dec. ¶ 2(b).  For this period, Plaintiff seeks to recover for herself and the California Class, restitution including alleged unpaid wages, and overtime pursuant to Bus. and Prof. Code § 17200 and Cal. Labor Code §§ 510.

27.     Plaintiff alleges that she and each of the putative class members in the putative California Class worked "10 minutes or more" of unpaid work in each day.  Thus, even using a conservative

WALGREEN CO.'S NOTICE OF REMOVAL
Case No. _____

14568328v.1

1    estimate of .5 hours of unpaid regular wages per week and assuming the minimum hourly rate of pay of

2    8.00 per hour, the amount in controversy would be in excess of $4,000,000 (based on 1,000,000

3    [workweeks during the period of May 9, 2012 through May 31, 2012] x .5 [regular hour/week] x $8.00

4    [minimum hourly wage]).

5    **III.   <u>VENUE</u>**

6    28.     Venue lies in the Eastern District of this Court pursuant to 28 U.S.C. §§ 1441 and

7    1446(a).  This action is being removed from the Superior Court of the State of California, County of

8    Sacramento.  See Exh. A, Complaint.  Walgreens believes that this action should be removed to the

9    United States District Court for the Eastern District of California.

10    **IV.   TIMELINESS OF REMOVAL**

11    29.     Plaintiffs served Walgreens with the Summons and Complaint on June 8, 2012.  Exh. A.

12    This Notice of Removal is timely as it is filed within thirty (30) days of the purported service on

13    Walgreens of a copy of the Summons and Complaint. 28 U.S.C. §1446(b).  *Murphy Bros., Inc. v.*

14    *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

15    **V.   NOTICE OF REMOVAL**

16    30.     This Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of

17    the Superior Court of the State of California in and for the County of Sacramento.

18    31.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process,

19    pleadings, and orders served" upon or by Walgreens in the action are attached hereto as Exhibit A.

20    32.     WHEREFORE, Walgreens requests that the above action pending before the Superior

21    Court of the State of California for the County of Sacramento be removed to the United States District

22    Court for the Eastern District of California.

23    DATED: July 6, 2012            SEYFARTH SHAW LLP

24

25                             By  /s/  Diana Tabacopoulos

26                               Diana Tabacopoulos
                              Attorneys for Defendants

27                               WALGREEN CO.

28

9

14568328v.1

# EXHIBIT "A"



CORPORATION SERVICE COMPANY

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 9997392**
**Date Processed: 06/08/2012**

| | |
|---|---|
| Primary Contact: | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Rd<br>Suite 400<br>Wilmington, DE 19808 |

| | |
|---|---|
| Entity: | Walgreen Co.<br>Entity ID Number  0501431 |
| Entity Served: | Walgreen Co. |
| Title of Action: | Rene Hodach vs. Walgreen Co. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Sacramento County Superior Court, California |
| Case/Reference No: | 34-2012-00123954 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/08/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Norman B. Blumenthal<br>858-551-1223 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

FACSIMILE
(858) 551-1232

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

TELEPHONE
(858) 551-1223

WRITERS E-MAIL:
DeBlouw@bamlawca.com

WRITERS EXT:
5

June 6, 2012
CA629

**VIA CERTIFIED MAIL**

| | |
|---|---|
| Labor and Workforce Development Agency | Walgreen Co. |
| Certified Mail # 70120470000243555090 | Certified Mail # 70120470000243355106 |
| 801 K Street, Suite 2101 | The Prentice-Hall Corporation System, Inc. |
| Sacramento, CA 95814 | 2710 Gateway Oaks Drive, Suite 150N |
| | Sacramento, CA 95833 |

Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 226(a), 510, 1194, 1198, Violation of Industrial Welfare Commission Wage Order No. 4-2001, Applicable Industrial Welfare Commission Wage Orders, and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

        Our offices represent Rene Hodach (the "Plaintiff"), and other aggrieved employees in a class action against Walgreen Co. ("Defendant"). Plaintiff was employed by Defendant in California from June of 1999 to April of 2012 and was at all times classified as a non-exempt employee who was paid on an hourly basis. Defendant, however, unlawfully failed to record and pay Plaintiff and other Class Members for all of the hours they worked, including overtime hours. As a consequence of the aforementioned violations, the Plaintiff further contends that Defendant failed to provide accurate wage statements to her, and other aggrieved employees, in violation of California Labor Code section 226(a). Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 226(a), 510, 1194, 1198, Violation of Industrial Welfare Commission Wage Order No. 4-2001, and is therefore actionable under California Labor Code section 2699.3.

        A true and correct copy of the Complaint filed by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

        This notice is provided to enable the Plaintiff to proceed with the Complaint filed in the Sacramento County Superior Court, Case No. 34-2012-00123954, against Defendant as

authorized by California Labor Code section 2695, *et seq*. The pending class action lawsuit consists of a class of other aggrieved employees. As class counsel, our intention is to vigorously prosecute the class wide claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees and Class Members.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Sincerely,

*/s/ Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox\Pending Litigation\Walgreens - Hodach\l-paga-01.wpd

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALGREEN CO., a Illinois Corporation, and DOES 1 through 50,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RENE HODACH, an individual, on behalf of herself and on behalf of all
persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp). your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org). the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>Gordon D. Schaber Sacramento County Courthouse<br>720 9th Street, Sacramento, CA 95814 | 34 2012 00123954 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal     (Bar # 68687)                              Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037       Phone No.: (858) 551-1223

| DATE:<br>*(Fecha)* MAY -9 2012 | Clerk, by<br>*(Secretario)* A. MACIAS | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal   (Bar # 68687)<br>Kyle Nordrehaug   (Bar # 205975)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO. (858) 551-1223   FAX NO. (858) 551-1232<br>ATTORNEY FOR (Name): Plaintiff Rene Hodach | FILED<br>Superior Court Of California,<br>Sacramento<br>05/09/2012<br>amacias<br>By _____ , Deputy<br>Case Number:<br>34-2012-00123954 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS 720 9th Street
MAILING ADDRESS 720 9th Street
CITY AND ZIP CODE Sacramento 95814
BRANCH NAME Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
HODACH v. WALGREEN

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE<br><br>DEPT | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 8, 2012

Norman B. Blumenthal
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

1

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)

2   Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)

3   2255 Calle Clara
  La Jolla, CA 92037

4   Telephone: (858)551-1223
  Facsimile: (858) 551-1232

5   Website: www.bamlawca.com

6   Attorneys for Plaintiff

7

8

9

10

11   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

    **IN AND FOR THE COUNTY OF SACRAMENTO**

12

13

14   RENE HODACH, an individual, on
    behalf of herself and on behalf of all

15   persons similarly situated,

16                      Plaintiff,

17   vs.

18   WALGREEN CO., a Illinois Corporation,
    and DOES 1 through 50, Inclusive,

19

20

21                      Defendants.

22

23

24

25

26

27

28

FILED
Superior Court Of California,
Sacramento

05/09/2012

amacias

By _____, Deputy

Case Number:

**34-2012-00123954**

Department
Assignments

Case Management 44
Law and Motion 53
Minors Compromise 45

Case No. _____

**CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN
VIOLATION OF CAL. BUS. & PROF.
CODE §§ 17200, *et seq.*;

2. FAILURE TO REGULAR WAGES
AND OVERTIME WAGES IN
VIOLATION OF CAL. LAB. CODE §§
510, *et seq.*;

3. FAILURE TO PROVIDE ACCURATE
ITEMIZED STATEMENTS IN
VIOLATION OF CAL. LAB. CODE §
226; and,

4. FAILURE TO PROVIDE WAGES
WHEN DUE IN VIOLATION OF CAL.
LAB. CODE §§ 201, 202 AND 203.

**DEMAND FOR A JURY TRIAL**

1

CLASS ACTION COMPLAINT

1        Plaintiff Rene Hodach, ("PLAINTIFF"), an individual, on behalf of herself and all other

2   similarly situated current and former employees, alleges on information and belief, except for

3   her own acts and knowledge which are based on personal knowledge, the following:

4

5                     **THE PARTIES**

6       1.    Defendant Walgreen Co., ("WALGREEN" or "DEFENDANT") is a Illinois

7   corporation with its principal place of business located in Deerfield, Illinois.  At all relevant

8   times mentioned herein, WALGREEN conducted and continues to conduct substantial business

9   in the state of California including owning and operating over 270 retail stores throughout the

10  State of California.

11      2.    WALGREEN is engaged in the retail drugstore business.  The company's retail

12  stores offer prescription and non-prescription drugs and general merchandise, including

13  household products, convenience and fresh foods, personal care, beauty care, photo finishing

14  and candy.

15      3.    Plaintiff Rene Hodach was employed by WALGREEN in Sacramento, California

16  as a non-exempt employee paid on an hourly basis from June of 1999 to April of 2012.  Plaintiff

17  Rene Hodach was at all relevant times classified by WALGREEN as a non-exempt employee

18  entitled to overtime wages.

19      4.    PLAINTIFF brings this Class Action on behalf of herself and a California class,

20  defined as all individuals who are or previously were employed by Defendant Walgreen Co. in

21  California as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

22  period beginning four (4) years prior to the filing of this Complaint and ending on the date as

23  determined by the Court (the "CALIFORNIA CLASS PERIOD").

24      5.    During the CALIFORNIA CLASS PERIOD, WALGREEN has engaged in the

25  uniform and systematic practice of requiring PLAINTIFF and the CALIFORNIA CLASS

26  Members to routinely perform work off the clock after clocking out in that WALGREEN, as

27  a condition of employment, required these employees to wait for and submit to loss prevention

28  inspections or "bag checks" after clocking out at the end of each scheduled shift for which

1   WALGREEN did not provide compensation for time spent awaiting and performing the bag

2   check off the clock. As a result, the PLAINTIFF and other CALIFORNIA CLASS Members

3   forfeited hours worked by regularly working without their time being correctly recorded and

4   without compensation at the applicable overtime rates. WALGREEN's uniform policy and

5   practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all hours

6   worked, including overtime hours, is evidenced by WALGREEN's business records.

7       6.      At the end of their shifts, PLAINTIFF and all other CALIFORNIA CLASS

8   Members were instructed by managers to clock out of WALGREEN's timekeeping system and

9   then proceed to a store exit and wait for a loss prevention inspection by a member of

10  WALGREEN's management team. The time PLAINTIFF and the other CALIFORNIA CLASS

11  Members spent waiting for and submitting to the loss prevention inspections constituted

12  compensable work time. This process added 10 minutes or more of unpaid work in a day per

13  employee. WALGREEN failed to compensate PLAINTIFF and the CALIFORNIA CLASS for

14  any of their time spent at work during the loss prevention inspection process.

15      7.      As a result of WALGREEN not accurately recording hours worked, including

16  time spent by PLAINTIFF and other CALIFORNIA CLASS Members during the bag checks

17  process, the wage statements issued to PLAINTIFF and other CALIFORNIA CLASS Members

18  violated California law, and in particular, Labor Code Section 226(a). The policies and

19  practices alleged herein also constituted deceptive, unfair and/or unlawful business practices

20  whereby WALGREEN retained wages due PLAINTIFF and other CALIFORNIA CLASS

21  Members for all hours worked, including overtime hours worked. The PLAINTIFF seeks an

22  injunction enjoining such conduct by WALGREEN in the future, relief for the named

23  PLAINTIFF and other CALIFORNIA CLASS Members as set forth herein below, and all other

24  appropriate equitable relief the court deems proper.

25      8.      PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA

26  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

27  the CALIFORNIA CLASS PERIOD caused by WALGREEN's uniform policy and practice

28  which failed to lawfully compensate these employees for all their hours worked, including time

1   spent at work submitting to the loss prevention inspections.  WALGREEN's uniform policy and

2   practice alleged herein was an unlawful, unfair and deceptive business practice whereby

3   WALGREEN retained and continues to retain wages due PLAINTIFF and the other members

4   of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the CALIFORNIA

5   CLASS seek an injunction enjoining such conduct by WALGREEN in the future, relief for the

6   named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been

7   economically injured by WALGREEN's past and current unlawful conduct, and all other

8   appropriate legal and equitable relief.

9        9.    WALGREEN had different shifts with different non-exempt employees paid on

10  an hourly basis working during each shift.  Although the specific time of each shift differed, the

11  hours spent working during the shifts and the loss prevention inspections required to be

12  performed byWALGREEN were nearly identical in every way.  Thus, WALGREEN failed to

13  compensate the PLAINTIFF and other CALIFORNIA CLASS Members for all hours worked,

14  including overtime hours.

15       10.    The true names and capacities, whether individual, corporate, subsidiary,

16  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

17  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

18  pursuant to Cal. Civ. Proc. Code § 474.  The PLAINTIFF will seek leave to amend this

19  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they

20  are ascertained.  PLAINTIFF is informed and believes, and based upon that information and

21  belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50,

22  inclusive, are responsible in some manner for one or more of the events and happenings that

23  proximately caused the injuries and damages hereinafter alleged.

24       11.    The agents, servants and/or employees of the Defendants and each of them

25  acting on behalf of the Defendants acted within the course and scope of his, her or its authority

26  as the agent, servant and/or employee of the Defendants, and personally participated in the

27  conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

28  Consequently, the acts of each Defendant are legally attributable to the other Defendants and

4

1   all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

2   CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

3   Defendants' agents, servants and/or employees.

4

5                                    **THE CONDUCT**

6        12.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

7   to fail to accurately record and pay PLAINTIFF and the other members of the CALIFORNIA

8   CLASS for all hours worked, including these employees' overtime hours worked. As a result,

9   the PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due to

10  them for regularly working without their time being correctly recorded.  DEFENDANT's

11  uniform policy and practice to not pay the members of the CALIFORNIA CLASS wages for

12  all hours worked in accordance with applicable law is evidenced by DEFENDANT's business

13  records.

14       13.    During the CALIFORNIA CLASS PERIOD, DEFENDANT engaged in the

15  uniform and systematic practice of requiring PLAINTIFF and the CALIFORNIA CLASS

16  Members to routinely perform work off-the-clock for which they were not compensated.

17  DEFENDANT failed to accurately record and pay PLAINTIFF and the other members of the

18  CALIFORNIA CLASS for all hours worked, including overtime hours worked, after their

19  scheduled shift ended.  Specifically, at the end of these employees' shifts DEFENDANT

20  required PLAINTIFF and the CALIFORNIA CLASS Members to clock out of DEFENDANT's

21  timekeeping system and then proceed to the front of the store in order to wait for and submit to

22  a loss prevention inspection or "bag check" by a member of DEFENDANT's management team.

23  The time PLAINTIFF and other CALIFORNIA CLASS Members spent waiting for and

24  submitting themselves to these bag checks constituted compensable work time and this process

25  often added 10 minutes or more of unpaid work per shift for PLAINTIFF and other

26  CALIFORNIA CLASS Members. DEFENDANT failed to compensate PLAINTIFF and the

27  other CALIFORNIA CLASS Members for any of their time spent working during these bag

28  checks.  As a result, the PLAINTIFF and the other members of the CALIFORNIA CLASS

                                            5

1  forfeited hours worked by regularly working after the end of their scheduled shift without their

2  time worked on post-shift duties being correctly recorded and without compensation being paid

3  for all hours worked, including overtime hours worked.

4      14.    DEFENDANT also failed to provide the PLAINTIFF and the other members of

5  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show,

6  among other things, the correct number of hours worked,  including, work performed in excess

7  of eight (8) hours in a workday and forty (40) hours in any workweek.  Cal. Lab. Code § 226

8  provides that every employer shall furnish each of his or her employees with an accurate

9  itemized wage statement in writing showing, among other things, gross wages earned and all

10  applicable hourly rates in effect during the pay period and the corresponding number of hours

11  worked at each hourly rate. As a result, DEFENDANT provided the PLAINTIFF and the other

12  members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code

13  § 226.

14      15.    By reason of this uniform conduct applicable to PLAINTIFF and all

15  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

16  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

17  (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately

18  record all hours worked, including overtime hours worked by the PLAINTIFF and other

19  CALIFORNIA CLASS Members.  The proper  recording of these employees' hours worked,

20  including  overtime  hours  worked,  is  the  DEFENDANT's  burden.    As  a  result  of

21  DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

22  failed to properly calculate and/or pay all required wages for work performed by the members

23  of the CALIFORNIA CLASS and violated the California Labor Code and regulations

24  promulgated thereunder as herein alleged.

25      16.    Plaintiff Rene Hodach worked for DEFENDANT from September of 1999 to

26  April of 2012 and was classified by DEFENDANT as a non-exempt, hourly employee who was

27  entitled to overtime wages. When PLAINTIFF began working for DEFENDANT she learned

28  she would be required to undergo a loss prevention inspection performed by a member of

6

1   DEFENDANT's management team whenever she left DEFENDANT's store, at the end of her

2   shifts.  These bag checks were part of DEFENDANT's overall loss prevention program and

3   were a requirement of employment.  At the end of PLAINTIFF's shifts, DEFENDANT required

4   PLAINTIFF to clock out and wait for a manager to check her purse and/or bags to make sure

5   she and the other employees leaving the store were not attempting to steal and smuggle

6   merchandise from DEFENDANT. PLAINTIFF routinely had to wait with other employees each

7   day that she worked for the mandatory inspection process to be conducted and completed.

8   PLAINTIFF was regularly required to wait for 10 or more minutes for the loss prevention

9   inspection and DEFENDANT never compensated her for the time spent during these

10   inspections. DEFENDANT also provided PLAINTIFF with a paystub that failed to accurately

11   display PLAINTIFF's correct number of hours worked for certain pay periods in violation of

12   Cal. Lab. Code § 226(a).  As a result of DEFENDANT failing to pay PLAINTIFF for her time

13   spent working during DEFENDANT's bag checks, DEFENDANT failed to pay PLAINTIFF

14   all wages due to PLAINTIFF upon her termination.  To date, DEFENDANT has yet to pay

15   PLAINTIFF any penalty wages owed to her under California Labor Code Section 203.

16

17                          **JURISDICTION AND VENUE**

18          17.    This Court has jurisdiction over this Action pursuant to California Code of

19   Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

20   This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated

21   employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

22          18.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

23   Sections 395 and 395.5, because the PLAINTIFF resides in this County and DEFENDANT (i)

24   currently maintains and at all relevant times maintained offices and facilities in this County

25   and/or conducts substantial business in this County, and (ii) committed the wrongful conduct

26   herein alleged in this County against members of the CALIFORNIA CLASS and

27   CALIFORNIA LABOR SUB-CLASS.

28

                                    7

**THE CALIFORNIA CLASS**

19.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Defendant Walgreen Co. in California as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

20.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

21.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays",  and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

22.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to record all hours

8

1  worked by PLAINTIFF and other CALIFORNIA CLASS Members, even though
2  DEFENDANT enjoyed the benefit of this work, required employees to perform this work and
3  permitted or suffered to permit this work.

4      23.    DEFENDANT has the legal burden to establish that each and every
5  CALIFORNIA CLASS Member was paid wages due to them for all hours worked, including
6  overtime hours. The DEFENDANT, however, as a matter of uniform and systematic policy and
7  procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to
8  have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member
9  was paid for all hours worked, including their overtime hours worked. This common business
10 practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on
11 a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code
12 §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this
13 claim.

14     24.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA
15 CLASS Members is impracticable.

16     25.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under
17 California law by:

18         (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code
19                §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively
20                having in place company policies, practices and procedures that uniformly
21                and systematically failed to record and pay the PLAINTIFF and the other
22                members of the CALIFORNIA CLASS for all hours worked, including
23                overtime hours worked by these employees;

24         (b)    Committing an act of unfair competition in violation of the UCL, by
25                unlawfully, unfairly, and/or deceptively failing to pay the correct overtime
26                pay owed to PLAINTIFF and the members of the CALIFORNIA CLASS
27                for overtime hours worked;

28         (c)    Committing an act of unfair competition in violation of the UCL, by

9

CLASS ACTION COMPLAINT

1    requiring the PLAINTIFF and other CALIFORNIA CLASS Members to

2    submit to loss prevention inspections after clocking out at the end of their

3    shift and thereby failing to provide them compensation for this work time;

4    (d)    Committing an act of unfair competition in violation of the UCL, by

5    violating Cal. Lab. Code § 226(a), by failing to provide the PLAINTIFF

6    and the other members of the CALIFORNIA CLASS with an accurate

7    itemized statement in writing showing the gross wages earned, the net

8    wages earned, all applicable hourly rates in effect during the pay period

9    and the corresponding number of hours worked at each hourly rate by the

10   employee; and,

11   (e)    Committing an act of unfair competition in violation of the UCL, by

12   violating Cal. Lab. Code §§ 201, 202, 203, & 204, by failing to tender

13   timely and full payment and/or restitution of all wages owed to the

14   employees whose employment with DEFENDANT has terminated.

15   26.    This Class Action meets the statutory prerequisites for the maintenance of a

16   Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

17   (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

18   that the joinder of all CALIFORNIA CLASS Members is impracticable

19   and the disposition of their claims as a class will benefit the parties and

20   the Court;

21   (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

22   that are raised in this Complaint are common to the CALIFORNIA

23   CLASS will apply uniformly to every member of the CALIFORNIA

24   CLASS;

25   (c)    The claims of the representative PLAINTIFF are typical of the claims of

26   each member of the CALIFORNIA CLASS. PLAINTIFF, like all the

27   other members of the CALIFORNIA CLASS, was a non-exempt

28   employee paid on an hourly basis and who was subjected to the

10

1    DEFENDANT's deceptive practice and policy which failed to accurately

2    record all hours worked, including overtime hours and as a result failed to

3    pay all wages due to the CALIFORNIA CLASS for all hours worked by

4    the CALIFORNIA CLASS and thereby systematically underpaid

5    compensation to the CALIFORNIA CLASS.   PLAINTIFF sustained

6    economic injury as a result of DEFENDANT's employment practices.

7    PLAINTIFF and the members of the CALIFORNIA CLASS were and are

8    similarly or identically harmed by the same unlawful, deceptive, unfair

9    and pervasive pattern of misconduct engaged in by DEFENDANT; and,

10   (d)   The representative PLAINTIFF will fairly and adequately represent and

11   protect the interest of the CALIFORNIA CLASS, and has retained

12   counsel who are competent and experienced in Class Action litigation.

13   There are no material conflicts between the claims of the representative

14   PLAINTIFF and the members of the CALIFORNIA CLASS that would

15   make class certification inappropriate.   Counsel for the CALIFORNIA

16   CLASS will vigorously assert the claims of all CALIFORNIA CLASS

17   Members.

18   27.   In addition to meeting the statutory prerequisites to a Class Action, this action

19   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

20   (a)   Without class certification and determination of declaratory, injunctive,

21   statutory and other legal questions within the class format, prosecution of

22   separate actions by individual members of the CALIFORNIA CLASS will

23   create the risk of:

24   1)   Inconsistent or varying adjudications with respect to individual

25   members of the CALIFORNIA CLASS which would establish

26   incompatible standards of conduct for the parties opposing the

27   CALIFORNIA CLASS; and/or,

28   2)   Adjudication with respect to individual members of the

11

CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including wages due for all hours worked by the members of the CALIFORNIA CLASS as required by law;

1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses

12

sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.  Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

28.  This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)  The questions of law and fact common to the CALIFORNIA CLASS

13

predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniformly and systematically applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

14

CLASS ACTION COMPLAINT

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all individuals who are or previously were employed by DEFENDANT in California as non-exempt employees paid on an hourly basis during the CALIFORNIA CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

29.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

30.     PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as non-exempt employees paid on an hourly basis (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

31.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all hours worked by the PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS, including overtime

15

1  hours, even though DEFENDANT enjoyed the benefit of this work, required employees to

2  perform this work and permitted or suffered to permit this work. DEFENDANT has uniformly

3  denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees

4  are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent

5  equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against

6  DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted

7  accordingly.

8        32.    DEFENDANT maintains records from which the Court can ascertain and

9  identify by name and job title, each of DEFENDANT's employees who have been

10  systematically, intentionally and uniformly subjected to DEFENDANT's company policy,

11  practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint

12  to include any additional job titles of similarly situated employees when they have been

13  identified.

14        33.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

15  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

16        34.    Common questions of law and fact exist as to members of the CALIFORNIA

17  LABOR SUB-CLASS, including, but not limited, to the following:

18              (a)    Whether DEFENDANT unlawfully failed to pay regular and overtime

19                    wages to members of the CALIFORNIA LABOR SUB-CLASS in

20                    violation of the California Labor Code and California regulations and the

21                    applicable California Wage Order;

22              (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

23                    entitled to overtime compensation for overtime hours worked under the

24                    overtime pay requirements of California law;

25              (c)    Whether DEFENDANT failed to provide the PLAINTIFF and the other

26                    members of the CALIFORNIA LABOR SUB-CLASS with accurate

27                    itemized wage statements;

28              (d)    Whether DEFENDANT's policy and practice of failing to pay members

16

1  of the CALIFORNIA LABOR SUB-CLASS all wages when due within
2  the time required by law after their employment ended violates California
3  law;

4      (e)   Whether DEFENDANT has engaged in unfair competition by the
5      above-listed conduct;

6      (f)   The proper measure of damages and penalties owed to the members of the
7      CALIFORNIA LABOR SUB-CLASS; and,

8      (g)   Whether DEFENDANT's conduct was willful.

9     35.   DEFENDANT, as a matter of company policy, practice and procedure,
10  failed to pay PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members for all hours
11  worked, including overtime hours worked, and failed to provide accurate and itemized wage
12  statements to these employees.  All of the CALIFORNIA LABOR SUB-CLASS Members,
13  including the PLAINTIFF, were non-exempt employees who were paid on an hourly basis, and
14  were subjected to DEFENDANT's uniform and systematic company procedures as alleged
15  herein above.  This business practice was uniformly applied to each and every member of the
16  CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be
17  adjudicated on a class-wide basis.

18     36.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS
19  under California law by:

20      (a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to correctly pay the
21      PLAINTIFF and the members of the CALIFORNIA LABOR SUB-
22      CLASS all wages due for all hours worked, including overtime hours for
23      which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

24      (b)   Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and
25      the members of the CALIFORNIA LABOR SUB-CLASS with an
26      accurate itemized statement in writing showing all accurate and applicable
27      overtime rates in effect during the pay period and the corresponding
28      number of hours worked at each overtime rate by the employee; and,

17

1          (c)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

2                  when an employee is discharged or quits from employment, the employer

3                  must pay the employee all wages due without abatement, by failing to

4                  tender full payment and/or restitution of wages owed or in the manner

5                  required by California law to the members of the CALIFORNIA LABOR

6                  SUB-CLASS who have terminated their employment.

7       37.    This Class Action meets the statutory prerequisites for the maintenance of a

8 Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

9          (a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

10               so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

11               Members is impracticable and the disposition of their claims as a class

12               will benefit the parties and the Court;

13          (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues

14               that are raised in this Complaint are common to the CALIFORNIA

15               LABOR SUB-CLASS and will apply uniformly to every member of the

16               CALIFORNIA LABOR SUB-CLASS;

17          (c)     The claims of the representative PLAINTIFF are typical of the claims of

18               each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

19               like all the other members of the CALIFORNIA LABOR SUB-CLASS,

20               was a non-exempt employee paid on an hourly basis and was subjected to

21               the DEFENDANT's deceptive practice and policy which failed to

22               correctly record all hours worked and failed to pay all wages due to the

23               CALIFORNIA LABOR SUB-CLASS for all hours worked, including

24               overtime hours worked by the CALIFORNIA LABOR SUB-CLASS and

25               thereby systematically underpaid regular and overtime compensation to

26               the CALIFORNIA LABOR SUB-CLASS.  PLAINTIFF sustained

27               economic injury as a result of DEFENDANT's employment practices.

28               PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

18

CLASS ACTION COMPLAINT

1       CLASS were and are similarly or identically harmed by the same

2       unlawful, deceptive, unfair and pervasive pattern of misconduct engaged

3       in by DEFENDANT; and,

4   (d)   The representative PLAINTIFF will fairly and adequately represent and

5       protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

6       retained counsel who are competent and experienced in Class Action

7       litigation.  There are no material conflicts between the claims of the

8       representative PLAINTIFF and the members of the CALIFORNIA

9       LABOR SUB-CLASS that would make class certification inappropriate.

10       Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

11       assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

12   38.   In addition to meeting the statutory prerequisites to a Class Action, this action

13 is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

14   (a)   Without class certification and determination of declaratory, injunctive,

15       statutory and other legal questions within the class format, prosecution of

16       separate actions by individual members of the CALIFORNIA LABOR

17       SUB-CLASS will create the risk of:

18       1)   Inconsistent or varying adjudications with respect to individual

19           members of the CALIFORNIA LABOR SUB-CLASS which

20           would establish incompatible standards of conduct for the parties

21           opposing the CALIFORNIA LABOR SUB-CLASS; or,

22       2)   Adjudication with respect to individual members of the

23           CALIFORNIA LABOR SUB-CLASS which would as a practical

24           matter be dispositive of interests of the other members not party to

25           the adjudication or substantially impair or impede their ability to

26           protect their interests.

27   (b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

28       or refused to act on grounds generally applicable to the CALIFORNIA

19

1      LABOR SUB-CLASS, making appropriate class-wide relief with respect
2      to the CALIFORNIA LABOR SUB-CLASS as a whole in that
3      DEFENDANT uniformly failed to pay all wages due for all hours worked
4      by the members of the CALIFORNIA LABOR SUB-CLASS as required
5      by law;

6   (c)   Common questions of law and fact predominate as to the members of the
7         CALIFORNIA LABOR SUB-CLASS, with respect to the practices and
8         violations of California Law as listed above, and predominate over any
9         question affecting only individual CALIFORNIA LABOR SUB-CLASS
10        Members, and a Class Action is superior to other available methods for
11        the fair and efficient adjudication of the controversy, including
12        consideration of:

13   1)   The interests of the members of the CALIFORNIA LABOR SUB-
14        CLASS in individually controlling the prosecution or defense of
15        separate actions in that the substantial expense of individual
16        actions will be avoided to recover the relatively small amount of
17        economic losses, sustained by the individual CALIFORNIA
18        LABOR SUB-CLASS Members when compared to the substantial
19        expense and burden of individual prosecution of this litigation;

20   2)   Class certification will obviate the need for unduly duplicative
21        litigation that would create the risk of:

22        A.   Inconsistent or varying adjudications with respect to
23             individual members of the CALIFORNIA LABOR SUB-
24             CLASS, which would establish incompatible standards of
25             conduct for the DEFENDANT; and/or,

26        B.   Adjudications with respect to individual members of the
27             CALIFORNIA LABOR SUB-CLASS would as a practical
28             matter be dispositive of the interests of the other members

20

CLASS ACTION COMPLAINT

1    not parties to the adjudication or substantially impair or

2    impede their ability to protect their interests;

3    3)   In the context of wage litigation because a substantial number of

4    individual CALIFORNIA LABOR SUB-CLASS Members will

5    avoid asserting their legal rights out of fear of retaliation by

6    DEFENDANT, which may adversely affect an individual's job

7    with DEFENDANT or with a subsequent employer, the Class

8    Action is the only means to assert their claims through a

9    representative; and,

10    4)   A class action is superior to other available methods for the fair

11    and efficient adjudication of this litigation because class treatment

12    will obviate the need for unduly and unnecessary duplicative

13    litigation that is likely to result in the absence of certification of

14    this action pursuant to Cal. Code of Civ. Proc. § 382.

15    39.   This Court should permit this action to be maintained as a Class Action

16 pursuant to Cal. Code of Civ. Proc. § 382 because:

17    (a)   The questions of law and fact common to the CALIFORNIA LABOR

18    SUB-CLASS predominate over any question affecting only individual

19    CALIFORNIA LABOR SUB-CLASS Members;

20    (b)   A Class Action is superior to any other available method for the fair and

21    efficient adjudication of the claims of the members of the CALIFORNIA

22    LABOR SUB-CLASS because in the context of employment litigation a

23    substantial number of individual CALIFORNIA LABOR SUB-CLASS

24    Members will avoid asserting their rights individually out of fear of

25    retaliation or adverse impact on their employment;

26    (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so

27    numerous that it is impractical to bring all members of the CALIFORNIA

28    LABOR SUB-CLASS before the Court;

21

CLASS ACTION COMPLAINT

1   (d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

2      Members, will not be able to obtain effective and economic legal redress

3      unless the action is maintained as a Class Action;

4   (e) There is a community of interest in obtaining appropriate legal and

5      equitable relief for the acts of unfair competition, statutory violations and

6      other improprieties, and in obtaining adequate compensation for the

7      damages and injuries which DEFENDANT's actions have inflicted upon

8      the CALIFORNIA LABOR SUB-CLASS;

9   (f) There is a community of interest in ensuring that the combined assets of

10     DEFENDANT are sufficient to adequately compensate the members of

11     the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

12   (g) DEFENDANT has acted or refused to act on grounds generally applicable

13     to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

14     wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

15     CLASS as a whole;

16   (h) The members of the CALIFORNIA LABOR SUB-CLASS are readily

17     ascertainable from the business records of DEFENDANT.   The

18     CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

19     CLASS Members who are or previously were employed by DEFENDANT

20     in California as non-exempt employees paid on an hourly basis during the

21     CALIFORNIA LABOR SUB-CLASS PERIOD; and,

22   (i) Class treatment provides manageable judicial treatment calculated to bring

23     a efficient and rapid conclusion to all litigation of all wage and hour

24     related claims arising out of the conduct of DEFENDANT as to the

25     members of the CALIFORNIA LABOR SUB-CLASS.

26

27

28

CLASS ACTION COMPLAINT

1

## FIRST CAUSE OF ACTION

2

### For Unlawful Business Practices

3

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

4

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

5        40.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

6   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 39 of this

7   Complaint.

8        41.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

9   Code § 17021.

10       42.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

11  unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

12  17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

13  competition as follows:

14              Any person who engages, has engaged, or proposes to engage in unfair
                competition may be enjoined in any court of competent jurisdiction. The
15              court may make such orders or judgments, including the appointment of
                a receiver, as may be necessary to prevent the use or employment by any
16              person of any practice which constitutes unfair competition, as defined in
                this chapter, or as may be necessary to restore to any person in interest any
17              money or property, real or personal, which may have been acquired by
                means of such unfair competition.
18
    Cal. Bus. & Prof. Code § 17203.
19

20       43.     By the conduct alleged herein, DEFENDANT has engaged and continues to

21  engage in a business practice which violates California law, including but not limited to, Wage

22  Order 7-2001, the California Code of Regulations and the California Labor Code including

23  Sections 201, 202, 203, 226(a), 510, 1194 & 1198, for which this Court should issue declaratory

24  and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to

25  prevent and remedy the conduct held to constitute unfair competition, including restitution of

26  wages wrongfully withheld.

27       44.     By the conduct alleged herein, DEFENDANT's practices were unlawful and

28  unfair in that these practices violate public policy, were immoral, unethical, oppressive,

1  unscrupulous or substantially injurious to employees, and were without valid justification or
2  utility for which this Court should issue equitable and injunctive relief pursuant to Section
3  17203 of the California Business & Professions Code, including restitution of wages wrongfully
4  withheld.

5       45.     By the conduct alleged herein, DEFENDANT's practices were deceptive and
6  fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and
7  other members of the CALIFORNIA CLASS, wages due for all hours worked, including
8  overtime hours worked, due to a systematic and uniform business practice of requiring these
9  employees to perform work off the clock during the mandatory loss prevention inspections,
10  pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in
11  violation of Cal. Bus. Code §§ 17200, et seq., and for which this Court should issue injunctive
12  and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages
13  wrongfully withheld.

14       46.     By the conduct alleged herein, DEFENDANT's practices were also unlawful,
15  unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and
16  the other members of the CALIFORNIA CLASS to be underpaid during their employment with
17  DEFENDANT.

18       47.     By and through the unlawful and unfair business practices described herein,
19  DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and
20  the other members of the CALIFORNIA CLASS, including earned wages for all hours worked,
21  including overtime hours worked, and has deprived them of valuable rights and benefits
22  guaranteed by law and contract, all to the detriment of these employees and to the benefit of
23  DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who
24  comply with the law.

25       48.     All the acts described herein as violations of, among other things, the Industrial
26  Welfare Commission Wage Orders, the California Code of Regulations, and the California
27  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,
28  oppressive and unscrupulous, were deceptive, and thereby constituted unlawful, unfair and

24

1    deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*
2    DEFENDANT's conduct was also deceptive in that DEFENDANT instituted a mandatory loss
3    prevention inspection program that allowed DEFENDANT to require the PLAINTIFF and other
4    CALIFORNIA CLASS Members to perform work off-the-clock without their time being
5    accurately recorded and without compensation for all hours worked.

6         49.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further
7    entitled to, and do, seek a declaration that the described business practices were unlawful, unfair
8    and deceptive, and that injunctive relief should be issued restraining DEFENDANT from
9    engaging in any unlawful and unfair business practices in the future.

10        50.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,
11   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices
12   of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.
13   As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and
14   the other members of the CALIFORNIA CLASS have suffered and will continue to suffer
15   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to
16   engage in these unlawful and unfair business practices.

17                        **SECOND CAUSE OF ACTION**
18                   **For Failure To Pay Overtime Compensation**
19                      **[Cal. Lab. Code §§ 510, *et seq.*]**
20        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
21                                **Defendants)**

22        51.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
23   CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs
24   1 through 50 of this Complaint.

25        52.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
26   bring a claim for DEFENDANT's willful and intentional violations of the California Labor
27   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay
28   these employees for all hours worked, including overtime hours worked, including, work

                                      25

1     performed in excess of eight (8) hours in a workday and forty (40) hours in any workweek.

2          53.      Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

3     public policy, an employer must timely pay its employees for all hours worked.

4          54.     Cal. Lab. Code § 510 further provides that employees in California shall not be

5     employed more than eight (8) hours per workday and more than forty (40) hours per workweek

6     unless they receive additional compensation beyond their regular wages in amounts specified

7     by law.

8          55.      Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

9     including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

10     Code § 1198 further states that the employment of an employee for longer hours than those

11     fixed by the Industrial Welfare Commission is unlawful.

12          56.      During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

13     CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to work off-

14     the-clock and were not paid for all the off-the-clock hours they worked, including overtime

15     hours. For example, PLAINTIFF and other CALIFORNIA CLASS Members were required

16     to work after clocking out by DEFENDANT because these employees were required to wait for

17     and submit to the loss prevention inspections before being allowed to leave DEFENDANT's

18     store. This off-the-clock time caused PLAINTIFF and other CALIFORNIA LABOR SUB-

19     CLASS Members who had already worked an eight hour shift to work overtime hours off-the-

20     clock. However, DEFENDANT did not pay the required overtime compensation for this off-

21     the-clock work.

22          57.      DEFENDANT's uniform pattern of unlawful wage and hour practices

23     manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a

24     whole, as a result of implementing a uniform policy and practice that failed to accurately record

25     all hours worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and

26     denies accurate compensation to the PLAINTIFF and the other members of the CALIFORNIA

27     LABOR SUB-CLASS for all overtime hours worked, including, the work performed in excess

28     of eight (8) hours in a workday and forty (40) hours in any workweek.

1    58.    In committing these violations of the California Labor Code, DEFENDANT

2  inaccurately recorded all hours worked and consequently underpaid the actual hours worked by

3  PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted

4  in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation

5  of the California Labor Code, the Industrial Welfare Commission requirements and other

6  applicable laws and regulations.

7    59.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

8  the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

9  receive full compensation for all hours worked, including overtime hours worked.

10    60.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

11  from the overtime requirements of the law.  None of these exemptions are applicable to the

12  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, the

13  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

14  subject to a valid collective bargaining agreement that would preclude the causes of action

15  contained herein this Complaint.  Rather, the PLAINTIFF brings this Action on behalf of

16  herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of

17  non-negotiable, non-waiveable rights provided by the State of California.

18    61.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and

19  the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for hours

20  worked that they were entitled to, constituting a failure to pay all earned wages.

21    62.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members

22  of the CALIFORNIA LABOR SUB-CLASS overtime wages for the hours they worked which

23  were in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,

24  1194 & 1198, even though the PLAINTIFF and the other members of the CALIFORNIA

25  LABOR SUB-CLASS were regularly required to work, and did in fact work, overtime hours

26  as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's

27  business records and witnessed by employees.

28    63.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

CLASS ACTION COMPLAINT

1   compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

2   CLASS for the true number of hours they work, the PLAINTIFF and the other members of the

3   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

4   injury in amounts which are presently unknown to them and which will be ascertained

5   according to proof at trial.

6        64.    DEFENDANT knew or should have known that the PLAINTIFF and the other

7   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all hours

8   worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

9   nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

10  practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to

11  pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for

12  all hours worked, including overtime hours worked.

13       65.    In performing the acts and practices herein alleged in violation of California labor

14  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

15  all hours worked and provide them with the requisite overtime compensation, DEFENDANT

16  acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF

17  and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and

18  utter disregard for their legal rights, or the consequences to them, and with the despicable intent

19  of depriving them of their property and legal rights, and otherwise causing them injury in order

20  to increase company profits at the expense of these employees.

21       66.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

22  therefore request recovery of all unpaid wages, including overtime wages, according to proof,

23  interest, statutory costs, as well as the assessment of any statutory penalties against

24  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

25  statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

26  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

27  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

28  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

1   herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

2   conduct as alleged herein was willful, intentional and not in good faith.  Further, the

3   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and

4   recover statutory costs.

5                                  **THIRD CAUSE OF ACTION**

6                      **For Failure to Provide Accurate Itemized Statements**

7                                    **[Cal. Lab. Code § 226]**

8              **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

9                                         **Defendants)**

10          67.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

11   CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

12   1 through 66 of this Complaint.

13          68.    Cal. Labor Code § 226 provides that an employer must furnish employees with

14   an "accurate itemized" statement in writing showing:

15          (1) gross wages earned,

16          (2) total hours worked by the employee, except for any employee whose compensation

17              is solely based on a salary and who is exempt from payment of overtime under

18              subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

19              Commission,

20          (3) the number of piecerate units earned and any applicable piece rate if the employee

21              is paid on a piece-rate basis,

22          (4) all deductions, provided that all deductions made on written orders of the employee

23              may be aggregated and shown as one item,

24          (5) net wages earned,

25          (6) the inclusive dates of the period for which the employee is paid,

26          (7) the name of the employee and his or her social security number, except that by

27              January 1, 2008, only the last four digits of his or her social security number or an

28              employee identification number other than a social security number may be shown on

                                                    29
                                    ─────────────────────────────

1    the itemized statement,

2    (8) the name and address of the legal entity that is the employer, and

3    (9) all applicable hourly rates in effect during the pay period and the corresponding

4    number of hours worked at each hourly rate by the employee.

5         69.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in

6    that DEFENDANT failed to provide an accurate wage statement in writing that properly and

7    accurately itemizes all hours worked by the PLAINTIFF and the other members of the

8    CALIFORNIA LABOR SUB-CLASS and thereby also fails to set forth the correct overtime

9    wages earned by the employees.

10        70.    DEFENDANT knowingly and intentionally fails to comply with Cal. Lab.

11   Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

12   CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

13   expended calculating the correct rates for the overtime hours worked and the amount of

14   employment taxes which were not properly paid to state and federal tax authorities.  These

15   damages are difficult to estimate.  Therefore, the PLAINTIFF and the other members of the

16   CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars

17   ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars

18   ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in

19   an amount according to proof at the time of trial (but in no event more than four thousand

20   dollars ($4,000.00) for the PLAINTIFF and each respective member of the CALIFORNIA

21   LABOR SUB-CLASS herein).

22                        **FOURTH CAUSE OF ACTION**

23                        **For Failure to Pay Wages When Due**

24                        **[ Cal. Lab. Code §§ 201, 202, 203]**

25        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

26                                 **Defendants)**

27        71.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

28   CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1

                                    30

1  through 70 of this Complaint.

2      72.    Cal. Lab. Code § 200 provides that:

3          As used in this article:

4      (a) "Wages" includes all amounts for labor performed by employees of every
       description, whether the amount is fixed or ascertained by the standard of time,
5      task, piece, Commission basis, or other method of calculation.
       (b) "Labor" includes labor, work, or service whether rendered or performed under
6      contract, subcontract, partnership, station plan, or other agreement if the labor to
       be paid for is performed personally by the person demanding payment.
7
8      73.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer

9  discharges an employee, the wages earned and unpaid at the time of discharge are due and

10 payable immediately."

11     74.    Cal. Lab. Code § 202 provides, in relevant part, that:

12     If an employee not having a written contract for a definite period quits his or her
       employment, his or her wages shall become due and payable not later than 72
13     hours thereafter, unless the employee has given 72 hours previous notice of his
       or her intention to quit, in which case the employee is entitled to his or her wages
14     at the time of quitting. Notwithstanding any other provision of law, an employee
       who quits without providing a 72-hour notice shall be entitled to receive payment
15     by mail if he or she so requests and designates a mailing address. The date of the
       mailing shall constitute the date of payment for purposes of the requirement to
16     provide payment within 72 hours of the notice of quitting.

17     75.    There was no definite term in PLAINTIFF's or any other CALIFORNIA

18 LABOR SUB-CLASS Members' employment contract.

19     76.    Cal. Lab. Code § 203 provides:

20     If an employer willfully fails to pay, without abatement or reduction, in
       accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
21     employee who is discharged or who quits, the wages of the employee shall
       continue as a penalty from the due date thereof at the same rate until paid or
22     until an action therefor is commenced; but the wages shall not continue for
       more than 30 days.

23     77.    The employment of many CALIFORNIA LABOR SUB-CLASS Members

24 terminated and DEFENDANT has not tendered payment of all wages owed as required

25 by law.  DEFENDANT willfully and intentionally failed to pay the unpaid overtime

26 wages alleged herein to the PLAINTIFF and the other members of the CALIFORNIA

27 LABOR SUB-CLASS, in violation of California Labor Code §§ 201 & 202.

28     78.    Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the

                                    31

1  members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated,

2  PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of

3  termination for all employees who terminated employment during the CALIFORNIA

4  LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due,

5  plus interest and statutory costs as allowed by law.

6
                                  **PRAYER FOR RELIEF**
7
        WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and
8
    severally, as follows:
9
    1.    On behalf of the CALIFORNIA CLASS:
10
          A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA
11
                CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;
12
          B)    An order temporarily, preliminarily and permanently enjoining and restraining
13
                DEFENDANT from engaging in similar unlawful conduct as set forth herein;
14
          C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly
15
                withheld from compensation due to PLAINTIFF and the other members of the
16
                CALIFORNIA CLASS; and,
17
          D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid
18
                fund for restitution of the sums incidental to DEFENDANT's violations due to
19
                PLAINTIFF and to the other members of the CALIFORNIA CLASS.
20
    2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:
21
          A)    That the Court certify the Second, Third, and Fourth Causes of Action asserted
22
                by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal.
23
                Code of Civ. Proc. § 382;
24
          B)    Compensatory damages, according to proof at trial, including compensatory
25
                damages for compensation due PLAINTIFF and the other members of the
26
                CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA
27
                LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;
28

1     C)   The wages of all terminated employees in the CALIFORNIA LABOR

2            SUB-CLASS as a penalty from the due date thereof at the same rate until paid

3            or until an action therefore is commenced, in accordance with Cal. Lab. Code

4            § 203; and,

5     D)   The greater of all actual damages or fifty dollars ($50) for the initial pay

6            period in which a violation occurs and one hundred dollars ($100) per each

7            member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

8            subsequent pay period, not exceeding an aggregate penalty of four thousand

9            dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

10  3.   On all claims:

11     A)   An award of interest, including prejudgment interest at the legal rate;

12     B)   Such other and further relief as the Court deems just and equitable; and,

13     C)   An award of penalties and cost of suit, as allowable under the law.

14            Neither this prayer nor any other allegation or prayer in this Complaint is

15            to be construed as a request, under any circumstance, that would result in

16            a request for attorneys' fees or costs available under Cal. Lab. Code §

17            218.5.

Dated:  May 8, 2012        BLUMENTHAL, NORDREHAUG & BHOWMIK

By: Norman B. Blumenthal
Attorneys for Plaintiff

CLASS ACTION COMPLAINT

1    **DEMAND FOR A JURY TRIAL**

2        PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated:   May 8, 2012                    BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6
                                       By:
7                                            Norman B. Blumenthal
8                                            Attorneys for Plaintiff

9

10

11

12

13

14

15
     K:\D\Dropbox\Pending Litigation\Walgreens - Hodach\p-complaint-Final.wpd
16

17

18

19

20

21

22

23

24

25

26

27

28

                                            34
                                   CLASS ACTION COMPLAINT



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

**Superior Court of California, County of Sacramento**

720 Ninth Street
Sacramento, CA 95814-1311

### PAYMENT RECEIPT

| | | | | | Receipt #: 382691 |
|---|---|---|---|---|---|
| Clerk ID: amacias | Transaction No: 983757 | Transaction Date: 05/09/2012 | | | Transaction Time: 04:26:35 PM |

| Case Number | Item | Qty | Fee Amount | Total Fee | Amount Pd | Remaining Balance |
|---|---|---|---|---|---|---|
| 34-2012-00123954-CU-OE-GDS | 166 - Complaint or other 1st paper | 1 | $395.00 | $395.00 | $395.00 | $0.00 |
| 34-2012-00123954-CU-OE-GDS | 34 - Complex case fee plaintiff | 1 | $550.00 | $550.00 | $550.00 | $0.00 |

| | | |
|---|---|---|
| Sales Tax: | $0.00 | |
| Total: | $945.00 | Total Rem. Bal: $0.00 |

Check Number(s): 12473,12474

| | |
|---|---|
| Check: | $945.00 |
| Total Amount Tendered: | $945.00 |
| Change Due: | $0.00 |
| Balance: | $0.00 |

## ORIGINAL

CERTIFIED MAIL

7012 0470 0002 4355 5106

UNITED STATES POSTAGE
02 1P      $ 007.60°
0004186405   JUN 06 2012
MAILED FROM ZIP CODE 92037

FROM

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037

TO

Walgreen Co.
The Prentice-Hall Corporation System, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

# EXHIBIT "B"

### DECLARATION OF JUNE ROSENBERG

I, June Rosenberg, declare as follows:

1.   I am employed by Walgreen Co. ("Walgreens") in the position of Manager of Employee Services. I have held this position since approximately 2004. I have personal knowledge of the following facts and could and would testify competently if called to do so.

2.   In my capacity as Manager of Employee Services, I have regular access to, and am familiar with, Walgreens' data records relating to its employees. I have carefully reviewed results derived from the Walgreens' employee data records for individuals who held non-exempt job positions in Walgreens' California stores during the period May 9, 2008 to May 31, 2012. The data includes information regarding the number of employees holding non-exempt store positions and the number of work weeks that these employees worked in the non-exempt store position during the relevant time periods (from May 9, 2008 to May 31, 2012, from May 9, 2011 to May 31, 2012), the minimum and average wages paid to these employees, and the number of these employees who separated their employment during the relevant period  (May 9, 2009 through May 31, 2012) all of which is maintained by Walgreens in the ordinary course of business. Based on my review of the data, I have determined the following:

    A.   Walgreens employed well in excess of 19,000 non-exempt store employees in California during the period May 9, 2008, through May 31, 2012.

    B.   Walgreens non-exempt California store employees worked well in excess of 1,000,000 workweeks (in the aggregate) during the period of May 9, 2008, through May 31, 2012.

    C.   Walgreens employed at least 10,000 non-exempt store employees in California for at least one pay period during the period May 9, 2011, through May 31, 2012. These employees worked in excess of 400,000 workweeks (in the aggregate) during the period of May 9, 2011 and May 31, 2012.

    D.   During the period of May 9, 2009 through May 31, 2012, well in excess of 5,000 of Walgreens' California non-exempt store employees were separated from their employment.

DECLARATION OF JUNE ROSENBERG IN SUPPORT OF REMOVAL.
Case No. _____

3.      During the period of May 9, 2008 though the present, Walgreens has paid its non-exempt store employees in California every other week (twenty-six times per year).

4.      The minimum hourly rate paid by Walgreens to any non-exempt California store employee during the period of May 9, 2008 to May 31, 2012, and the period of May 9, 2009 and May 31, 2012, is $8.00 per hour.  Notwithstanding, the majority of Walgreens' non-exempt California store employees have been paid hourly rates in excess of $8.00 per hour during this period.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 3th day of July, 2012, at Deerfield, Illinois.


_June Rosenberg_
JUNE ROSENBERG

2
DECLARATION OF JUNE ROSENBERG IN SUPPORT OF REMOVAL
Case No. _____

# EXHIBIT "C"

**DECLARATION OF JOHN MANN**

I, John Mann, declare and state as follows:

1.      I am currently employed by Walgreen Co. ("Walgreens") as the Assistant Secretary and Divisional VP, Tax.  In my capacity as Assistant Secretary and Divisional VP, Tax, I am familiar with Walgreens' corporate structure, operations and place of incorporation.  I make this declaration in support of Walgreens Notice of Removal in the action of *Rene Hodach v. Walgreen Co., et al.*, filed in the Sacramento Superior Court on May 9, 2012, Superior Court Case No. 34-2012-00123954 (the "Action").  I have personal, first-hand knowledge of the matters set forth below, and, if called upon to testify, I could and would do so competently.

2.      Walgreens is now, and ever since this Action commenced, has been, incorporated under the laws of the State of Illinois, with its principal place of business in Illinois.

3.      Walgreens' corporate headquarters are located in Deerfield, Illinois where Walgreens' high level officers, including its Chief Executive Officer, direct, control, and coordinate Walgreens' activities.  Walgreens' executive operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations.

I declare under penalty of perjury under the laws of the State of Illinois and the United States of America that the foregoing is true and correct.

Executed this 3rd day of July 2012 in Deerfield, Illinois.

John Mann

JOHN MANN

T4605853V